The judgment of the court was pronounced by
Rost, J.
Jean Landry, the husband of Ursule Duaron, died without children or descendants, in 1835 ; his wife remained in possession of his succession, which was composed exclusively of community property, until April, 1839, when an inventory was made in presence of his heirs. After this inventory, Ursule Duaron still retained possession of the entire succession until her death, which occurred on the 13th of March, 1842. An inventory of her succession was then made, and all the property in her possession was sold by consent of the heirs of Jean Landry. An administrator was subsequently appointed to her succession, who, in the course of his administration, filed a tableau of distribution among the heirs of Jean Landry and of Ursule Duaron, dividing the assets in his hands, after payment of the debts, in two equal parts.
To this an opposition was made by the heirs of Jean Landry; they aver that at his death they became seized in full property of his share of the'communify; that his widow took possession of it, and enjoyed the revenue thereof; in consequence of which her succession is accountable for the rents and revenues during her possession. They ask to be credited, 1st, for one half of the proceeds of the property. 2d. For the rents and profit of their share from the death of Landry until that of Ursule Duaron in 1842. 3d. That the sum of one thousand and sixty-seven dollars and ninety cents, credited to the heirs of Duaron as brought into marriage by the deceased Ursule, be disallowed. 4th. That the sum of one hundred dollars, credited as paid by her in her lifetime, be rejected. The district court sustained the opposition, and the administrator has appealed.
*613 It is contended, on behalf of the heirs of Ursule Duaron, that by the last will of Jean Landry, made in 1829, his widow was entitled to the usufruct of all the property left by him during her natural life, and that her title to the same has been acknowledged, acquiesced in, and assented to by the heirs of Landry. They further urge, that if the disposition of LcSndry is not valid as a will, it is valid as a donation inter vivos. They plead the prescriptions of one, three and five years. .
A testament is without effect until it has been duly proved, and the execution ordered by competent authority. L. C. 1637. Stewart, Curator, v. Row, 10 L. R. 533. The will alleged in this case never was probated; it can therefore have no effect upon the rights of the parties in this suit. It was not intended as a donation inter vivos, was not accepted, and never took effect as such. It is true that no particular form is required to create a usufruct ; but when it is created by will, the form of wills and the mode of their execution will be followed.
We are satisfied from the evidence in the record, that the will was null; but if it had been in due form, its non-execution during the lifetime of Ursule Duaron would be fatal to the pretensions of her heirs. She retained possession of her legacy of her own authority, and she is bound to restore the fruits received by her. L. C. 1622. The district judge allowed one hundred and thirty-three dollars and fifty-eents, proved to have been brought into marriage by Ursule Duaron. There is no evidence to sustain the claim of one thousand and sixty-seven dollars and ninety cents, made by her heirs; and the district court properly rejected it. We are satisfied that there is no error in the judgment appealed from.
Judgment affirmed, with costs.